IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **PROSPERUM CAPITAL PARTNERS LLC,**<br><br>**Plaintiff,**<br><br>v.<br><br>**VYVUE, LLC, and BENNETT E. HORTMAN, II,**<br><br>**Defendants.** | **ORDER DENYING MOTION FOR RELIEF FROM ORDER**<br><br>**2:23-cv-00359-DAK-DBP**<br><br>**Judge Dale A. Kimball**<br><br>**Magistrate Judge Dustin B. Pead** |

This matter is before the court on Defendants Vyvue, LLC and Bennett E. Hortman, II's Motion For Relief From Order pursuant to Rule 59(e) and Rule 60 of the Federal Rules of Civil Procedure. The court issued an order remanding this action on June 6, 2023. Defendants state that they seek relief from a docket text order. However, the court issued a written order. The court's electronic docket contains a docket entry for the actual written order. It is unclear, therefore, whether Defendants read the full written order or only the docket entry pertaining to the written order.

"A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (citations omitted). A motion for reconsideration is an "inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the

original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paracletes*, 204 F.3d at 1012. A Rule 59(e) motion must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.

Rule 60(b) of the Federal Rules of Civil Procedure provides several grounds for relief from a final judgment or order, including mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, and any other reason that justifies relief. Fed. R. Civ. P. 60(b). Relief under Rule 60(b) is extraordinary and may only be granted in "exceptional circumstances." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999). "A plaintiff must overcome a higher hurdle to obtain relief from a post-judgment motion than on direct appeal from a judgment." *LeFleur v. Teen Help*, 342 F.3d 1145, 1153 (10th Cir. 2003). A plaintiff may not merely rehash arguments that were already addressed and ruled on by the court. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).

Defendants have not met the standards required under either rule. Defendants merely disagree with the court's ruling. The court clearly set out law applicable to this matter in its prior order. Under 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending*." The New York state court action Defendants attempted to

remove to this court was filed in the geographical area of the Eastern District of New York, not the District of Utah. Defendants' removal of the New York state court action to this federal district court, therefore, was improper.

Defendants attempt to assert that their Answer could provide jurisdiction in federal court and proper venue in this district. But that is not relevant to whether removal to this district was appropriate under the removal statute. If Defendants want the action litigated in this District, they need to follow the governing law—remove the case to the appropriate United States District Court in New York and then file a motion to transfer venue in that district asking to transfer the case to this district. Defendants cannot create their own shortcuts that are contrary to governing law.

Based on the above reasoning, Defendants' Motion For Relief From Order [ECF No. 10] is DENIED.

DATED this 21st day of June, 2023.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge